UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                       Plaintiff,

                                                                                DECISION AND ORDER

                                                                                04-CR-6177L

                                       v.

TAMMY WATKINS, et al.,

                                       Defendants.
_____

      This Court referred all pretrial motions in this multi-defendant case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Tammy Watkins ("Watkins"), through counsel, filed motions to suppress oral statements made on the day of her arrest, January 18, 2005. She also moved to suppress photographic identification procedures that resulted in her identification by two separate witnesses.

      Magistrate Judge Feldman conducted suppression hearings over the course of three days during May, June and July, 2005. Several witnesses testified for the Government and the defendant and her boyfriend, Torres Ficklin, also testified. Transcripts of the suppression hearings have been prepared (Dkts. ## 54, 63 and 64) and have been available for my review.

      Magistrate Judge Feldman issued a thorough Report and Recommendation summarizing the testimony at the suppression hearings. Magistrate Judge Feldman recommended that the motions

be denied. Watkins timely filed objections to Magistrate Judge Feldman's Report and Recommendation.

**Statements:**

As Magistrate Judge Feldman pointed out in his Report and Recommendation, it is not entirely clear what statements are at issue. Apparently Watkins made certain statements after she was advised of her *Miranda* warnings in the Federal Building at Rochester, New York. I agree with Magistrate Judge Feldman's summary of the evidence. The ATF Special Agents who took custody of Watkins from the Greece, New York Police Officer who arrested her, testified that they provided full *Miranda* warnings to Watkins; she acknowledged understanding the rights and agreed to talk to the agents. Watkins, herself, testified and her testimony did not differ from the agents. She confirmed that she was questioned for about 45 minutes; that she received some necessary medication during that time; and that she agreed to waive her *Miranda* rights because she had "nothing to hide." I find, as did Magistrate Judge Feldman, that the agents complied with the requirements of *Miranda* and that there was no evidence that the statement was otherwise coerced or involuntary. I find no basis to suppress the statements of Watkins that were made either before or after the *Miranda* warnings, for the reasons articulated by Magistrate Judge Feldman.

**Identification Procedure:**

Magistrate Judge Feldman found that the photographic array shown to two witnesses was not unduly suggestive to cause the likelihood of irreparable misidentification. There is nothing in the

testimony or the photographs themselves which are unduly suggestive. It also appears from the testimony that the witnesses knew Watkins, and they were not identifying an unknown assailant but rather someone that they had contact with. In sum, I find no basis to suppress the identification procedures. At trial, should counsel elect to do so, he can certainly cross-examine any witness who testified about the identification.

## CONCLUSION

I adopt the thorough Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman. I accept his summary of the facts and believe his legal analysis is correct. Therefore, I deny defendant Tammy Watkins' motion to suppress statements and identification procedures (Dkt. # 26).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        January 5, 2006.